MARK D. PETERSON (State Bar #126174)
CATES PETERSON LLP
4100 Newport Place, Suite 230
Newport Beach, CA 92660
Telephone:  (949) 724-1180
Facsimile:    (949) 724-1190
Email: markpeterson@catespeterson.com

Attorneys for Plaintiffs
THE PHOENIX INSURANCE COMPANY and
THE TRAVELERS INDEMNITY COMPANY

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE PHOENIX INSURANCE COMPANY, a Connecticut corporation; and THE TRAVELERS INDEMNITY COMPANY, a Connecticut corporation,<br><br>                    Plaintiffs,<br><br>          v.<br><br>INFINITY CONTACT, INC., an Iowa corporation; and NUANCE COMMUNICATIONS, INC., a Delaware corporation,<br><br>                    Defendants | CASE NO.  5:13-cv-5905<br><br>COMPLAINT FOR DECLARATORY RELIEF;<br><br>DEMAND FOR JURY |

Plaintiffs The Phoenix Insurance Company ("Phoenix") and The Travelers Indemnity Company ("Travelers Indemnity") (collectively "Travelers") hereby make their Complaint against defendants Infinity Contact, Inc. ("Infinity") and Nuance Communications, Inc. ("Nuance") (collectively "Defendants") and allege as follows:

## I.     NATURE OF ACTION

1.      This is an insurance coverage action seeking declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.  Travelers seeks a determination that it has no duty to defend or indemnify Defendants under certain insurance policies issued by Phoenix and Travelers Indemnity to Infinity ("Travelers Policies") with respect to the Underlying Lawsuit

identified in this Complaint, which asserts claims against Defendants for alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. ("TCPA").

## II.   PARTIES

2.     Plaintiff The Phoenix Insurance Company is an insurance company organized and existing under the laws of the State of Connecticut, with its principal place of business in Hartford, Connecticut.

3.     Plaintiff The Travelers Indemnity Company is an insurance company organized and existing under the laws of the State of Connecticut, with its principal place of business in Hartford, Connecticut.

4.     Defendant Infinity Contact, Inc. is a corporation organized and existing under the laws of the State of Iowa with its principal place of business in Cedar Rapids, Iowa.

5.      Defendant Nuance Communications, Inc. is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Sunnyvale, California.

## III.   JURISDICTION AND VENUE

6.     This declaratory judgment action is brought pursuant to 28 US.C. §§ 2201 and 2202, and Rule 57 of the Federal Rules of Civil Procedure.

7.     An actual justiciable controversy exists between Travelers and Defendants within the meaning of 28 US.C. § 2201 regarding whether Travelers has a duty to defend and indemnify Defendants under the Travelers Policies, as more particularly described below.

8.     This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and the suit is between citizens of different states.

9.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) in that a substantial part of the events or omissions giving rise to this claim occurred in this judicial district, in that Defendant Nuance maintains a primary corporate office in this judicial

district and the Underlying Lawsuit was filed in this judicial district.

**IV.** **UNDERLYING LAWSUIT**

10.     This action addresses insurance coverage for a purported class action lawsuit brought against Defendants alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. ("TCPA") ("Underlying Lawsuit").

11.     The First Amended Complaint in the Underlying Lawsuit ("Complaint") was filed on October 20, 2013 in this Court and is entitled *William Hopwood and Teresa Martinez, individually and on behalf of all others similarly situated v. Nuance Communications, Inc. and Infinity Contact, Inc.,* U.S.D.C. (N.D. Cal.) Case No. CV-13-2132-YGR.  A true and correct copy of the First Amended Complaint in the Underlying Lawsuit is attached as Exhibit A to this complaint.

12.     The Complaint alleges that Infinity, a telemarketing company, initiated telemarketing telephone calls on behalf of and at the direction of its client Nuance to the plaintiffs in the Underlying Lawsuit.

13.     The Complaint further alleges that Nuance provided Infinity with the telemarketing scripts, product information, and directions on who to call and how to interact with them.

14.     The Complaint further alleges that the telemarketing telephone calls were placed between 2011 and 2013; that they were placed without the express or implied consent of the underlying plaintiffs; and that they were placed to telephone numbers listed on the National Do Not Call Registry.

15.     The Complaint further alleges that Defendants' conduct violated the TCPA.

16.     Infinity seeks defense and indemnification under the Travelers Policies against the claims in the Underlying Lawsuit.

17.     Nuance seeks a defense against the claims in the Underlying Lawsuit, on the alleged basis that it is Infinity's indemnitee entitled to a defense under the Supplementary Payments provision in the Travelers Policies

## V.     **THE INSURANCE CONTRACTS**

18.     The Phoenix Insurance Company issued to Infinity policy no. I-680-6078N848-TCT-09 for policy period 6/15/09 - 6/15/10.  The coverage includes Commercial General Liability Protection subject to a $1,000,000 "per occurrence" limit of insurance.  The policy was renewed for annual consecutive policy periods from 6/15/10 - 6/15/11, 6/15/11 - 6/15/12, 6/15/12 - 6/15/13, and 6/15/13 - 6/15/14 (the "Phoenix Primary Policies").

19.     The Travelers Indemnity Company issued to Infinity Umbrella Excess policy no. ISF-CUP-6514N718-IND-09 for policy period 6/15/09 - 6/15/10.  The coverage includes Umbrella Excess coverage subject to a $4,000,000 "bodily injury and property damage" limit of insurance.  The policy was renewed for annual consecutive policy periods from 6/15/10 - 6/15/11, 6/15/11 - 6/15/12, 6/15/12 - 6/15/13, and 6/15/13 - 6/15/14 (the "Travelers Indemnity Umbrella Excess Policies").

20.     The terms in the Travelers Indemnity Umbrella Excess Policies are identical, in pertinent part, to the terms in the Phoenix Primary Policies.  Both sets of policies are collectively referred to herein as the "Travelers Policies."

21.     As specified in the Travelers Policies, and as set out in detail below, the coverage provided is limited, and is subject to certain definitions, scope and date restrictions, insuring agreements, retained and aggregate policy limits, and exclusions.

22.     Coverage A in the Phoenix Primary Policies, "Bodily Injury and Property Damage Liability", provides:

SECTION I — COVERAGES

COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY

1.     Insuring Agreement

a.     We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty

to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.

* * *

b.    This insurance applies to "bodily injury" and "property damage" only if:

(1)The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage   territory";

(2)The "bodily injury" or "property damage" occurs during the policy period;

23.    The Phoenix Primary Policies contain the following definitions relevant to Coverage A:

SECTION V — DEFINITIONS

* * *

"Bodily injury" means bodily injury, mental anguish, mental injury, shock, fright, disability, humiliation, sickness or disease sustained by a person, including death resulting from any of these at any time.

* * *

"Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

"Property damage" means:

a.    Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

b.    Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that

1    caused it.

2    "Property damage" does not include loss of or damage to "electronic media

3    and records".

4    As used in this definition, "electronic media and records" means:

5          a.      Electronic data processing, recording or storage media such as

6                  films, tapes, discs, drums or cells;

7          b.      Data stored on such media; or

8          c.      Programming records for electronic data processing or

9                  electronically controlled equipment.

10   "Bodily injury" means bodily injury, sickness or disease sustained by a

11   person, including death resulting from any of these at any time.

12   "Occurrence" means an accident, including continuous or repeated exposure

13   to substantially the same general harmful conditions.

14   "Property damage" means:

15         a.      Physical injury to tangible property, including all resulting loss

16   of use of that property.  All such loss of use shall be deemed to occur at the

17   time of the physical injury that caused it; or

18         b.      Loss of use of tangible property that is not physically injured.

19   All such loss of use shall be deemed to occur at the time of the "occurrence"

20   that caused it.

21         24.     The Phoenix Primary Policies also contain the following pertinent exclusion

22   applicable to Coverage A:

23         a.      Expected or Intended Injury

24                 "Bodily injury" or "property damage" expected or intended from the

25                 standpoint of the insured. This exclusion does not apply to "bodily

26                 injury" resulting from the use of reasonable force to protect persons or

27                 property.

28

25.     The 2012-2013 and 2013-2014 Phoenix Primary Policies include the following endorsement applicable to Coverage A, which reads in relevant part as follows:

EXCLUSION — UNSOLICITED COMMUNICATIONS

* * *

This insurance does not apply to "bodily injury", "property damage", "personal injury", "advertising injury" or "website injury" arising out of unsolicited communications by or on behalf of any insured. Unsolicited communications means any form of communication, including but not limited to facsimile, electronic mail, posted mail or telephone, in which the recipient has not specifically requested the communication. Unsolicited communications also include but are not limited to communications which are made or allegedly made in violation of the Telephone Consumer Protection Act and any amendments, and/or local or state statutes that bar, prohibit or penalize such communications.

26.     The Phoenix Primary Policies contain the following Supplementary Payments provision, which reads in pertinent part as follows:

SUPPLEMENTARY PAYMENTS — COVERAGES A AND B

* * *

2.     If we defend an insured against a "suit" and an indemnitee of the insured is also named as a party to the "suit", we will defend that indemnitee if all of the following conditions are met:

a.     The "suit" against the indemnitee seeks damages for which the insured has assumed the liability of the indemnitee in a contract or agreement that is an "insured contract";

b.     This insurance applies to such liability assumed by the insured;

c.     The obligation to defend, or the cost of the defense of, that indemnitee, has also been assumed by the insured in the same "insured contract";

CATES PETERSON LLP
4100 Newport Place
Suite 230
Newport Beach, CA 92660

7

1

2   d. The allegations in the "suit" and the information we know

3 about  the "occurrence" are such that no conflict appears to exist

4 between the interests of the insured and the interests of the

5 indemnitee;

6   e. The indemnitee and the insured ask us to conduct and control

7 the defense of that indemnitee against such "suit" and agree that we

8 can assign the same counsel to defend the insured and the indemnitee;

9 and

10   f. The indemnitee:

11     (1) Agrees in writing to:

12       (a) Cooperate with us in the investigation, settlement

13         or defense of the "suit";

14       (b) Immediately send us copies of any demands,

15         notices, summonses or legal papers received in

16         connection with the "suit";

17       (c) Notify any other insurer whose coverage is

18         available to the indemnitee; and

19       (d) Cooperate with us with respect to coordinating

20         other applicable insurance available to the

21         indemnitee; and

22     (2) Provides us with written authorization to: (a) Obtain

23     records and other information related to the "suit"; and

24     (b) Conduct and control the defense of the indemnitee in such

25     "suit".

26

27

28

CATES PETERSON LLP
4100 Newport Place
Suite 230
Newport Beach, CA 92660

8

## CAUSE OF ACTION FOR

## DECLARATORY JUDGMENT

### (Against All Defendants)

27.     Travelers hereby incorporates and re-alleges the allegations in paragraphs 1-26 as if fully set forth here.

28.     There exists a genuine and bona fide dispute, and an actual controversy and disagreement between Travelers and Defendants with regard to whether Travelers has a duty to defend and/or indemnify Defendants in the Underlying Lawsuit.

29.     Pursuant to the Uniform Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, Travelers in good faith request that the Court declare the following:

a.     That there is no duty to defend or indemnify Infinity under the Bodily Injury coverage because there is no alleged "bodily injury".

b.     That there is no duty to defend or indemnify Infinity under the Property Damage coverage because there is no alleged "property damage".

c.     That there is no duty to defend or indemnify Infinity under the Bodily Injury or Property Damage coverage because there is no alleged "occurrence".

d.     That there is no duty to defend or indemnify Infinity under the Bodily Injury or Property Damage coverage because coverage is excluded by the Expected or Intended Injury exclusion.

e.     That there is no duty to defend or indemnify Infinity under the 2012 – 2013 and 2013 – 2014 Travelers Policies because coverage is excluded by the Unsolicited Communications exclusion.

f.     That there is no duty to defend or indemnify Infinity under any policy issued during any policy period in which Infinity did not allegedly or actually violate the TCPA.

g.     That there is no duty to defend Nuance for the reasons set forth in Paragraphs a. through f. above with respect to Infinity

CATES PETERSON LLP
4100 Newport Place
Suite 230
Newport Beach, CA 92660

COMPLAINT FOR DECLARATORY RELIEF

1      h.      That there is no duty to defend Nuance because it does not qualify for a

2            defense under the Supplementary Payments provision in the Phoenix

3            Primary Policies.

4      i.      That there is no duty to defend and/or indemnify Defendants under any other

5            provisions in the Travelers policies.

6      j.      If the Court finds that there is a duty to defend either or both Defendants

7            under the Travelers Policies, that Civil Code section 2860(c) applies and

8            Travelers is only obligated to pay defense counsel the normal hourly rates

9            that its pays to other counsel with similar experience who represent its

10           insureds in similar cases in the Northern District of California.

11                **PRAYER FOR RELIEF**

12      **WHEREFORE**, Plaintiffs The Phoenix Insurance Company and The Travelers

13 Indemnity Company pray as follows:

14      (1)      For a declaration that they have no duty to defend or indemnify Defendants

15 under  the Travelers Policies with respect to the Underlying Lawsuit and for each of the

16 more specific declarations set forth in paragraph 29 above, and

17      (2)      For such other and further relief this Court may deem just and proper.

18 Dated: December 19, 2013

19                          CATES PETERSON LLP

20

21                          By:_____/S/_____

                                MARK D. PETERSON

22                          Attorneys for Plaintiffs

                                THE PHOENIX INSURANCE

23                                  COMPANY and THE TRAVELERS

                                  INDEMNITY COMPANY

24

25

26

27

28

## DEMAND FOR JURY

Plaintiffs demand a trial by jury of all issues triable by jury.

Dated: December 19, 2013

CATES PETERSON LLP


By:_____/S/_____
MARK D. PETERSON
Attorneys for Plaintiffs
THE PHOENIX INSURANCE
COMPANY and THE TRAVELERS
INDEMNITY COMPANY

COMPLAINT FOR DECLARATORY RELIEF